■ In the Matter of THOMAS G. MEEHAN, Appellant, v. ALFRED J. LEHMANN et al., Constituting the Board of Zoning Appeals of the City of Glen Cove, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Board of Zoning Appeals, dated May 8, 1967, denying petitioner permission to erect a motor vehicle filling station as a special use under the Building Zone Ordinance of the City of Glen Cove, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered August 22, 1967, which dismissed the petition. Judgment

reversed, on the law, without costs, and matter remitted to the respondent Board of Zoning Appeals for further proceedings not inconsistent herewith. We agree with the holding of Mr. Justice BRENNAN at Special Term that the board's finding that "the addition of the proposed station would create a traffic hazard at this time" was not a proper basis for the board's determination, since there is no evidence in the record to support this finding. In our opinion, the record is inadequate with respect to the question of public convenience and necessity. The board had no evidence before it as to why gas stations in Glen Cove had been closed in previous years, a circumstance upon which the board relied. Such closings may well· have been unrelated to a lack of need of the community in the area sought to be served by the instant application. There was evidence that the two relatively new shopping centers located across Forest Avenue from the proposed station and the general traffic flow justified this additional station. More evidence should have been introduced, as well, to show the impact of the greatly expanded population growth of the community of Glen Cove relevant to the claim that an additional gas station at this location would not serve the public convenience and the needs of the public. The denial of a special permit for a use in an area in which such use may be permitted in discretion is an act quasi-judicial in character subject to judicial review, even though performed by a body having legislative power. Such denial must be predicated upon a reasonable basis within the constitutional requirements of equal protection and due process, and upon substantial evidence supporting a holding that the permit has not been refused arbitrarily or discriminatorily (35 Brooklyn L. Rev., 264; and cases there cited). Benjamin, Martuscello and Kleinfeld, JJ., concur; Hopkins, Acting P. J., and Munder, J., dissent and vote to affirm the judgment, with the following memorandum: We find substantial evidence to support the Board of Zoning Appeals' denial of the special use permit with respect to both the public interest or lack of need for an additional gasoline service station and the creation of a vehicular and pedestrian traffic hazard at the busy intersection adjacent to the subject property. In the latter context, however, we do not agree with Special Term that the omission of the word "undue" from the board's decision renders its finding as to traffic hazard inadequate or that the record lacks sufficient evidence of hazard.